**Billy WILLIAMS, Petitioner,**

v.

**Joseph R. BLALOCK, Superintendent, Southwestern State Hospital, Respondent.**

**Civ. A. No. 67–C–103–A.**

United States District Court
W. D. Virginia,
Abingdon Division.

Feb. 1, 1968.

---

Reno S. Harp, III, Asst. Atty. Gen., Richmond, Va., for respondent.

OPINION AND JUDGMENT

DALTON, Chief Judge.

This case comes before the court upon a petition for a writ of habeas corpus by Billy Williams, a state prisoner, pursuant to the provisions of 28 U.S.C. § 2241 and is filed *in forma pauperis.*

Petitioner is now being detained in Southwestern State Hospital, Marion, Virginia. He was indicted for statutory burglary in November 1965. On December 7, 1965, the Hustings Court of the City of Richmond ordered him committed to the Southwestern State Hospital for "observation and report upon his mental condition" pursuant to Section 19.1–228 of the Code of Virgina (repl. 1960). He was admitted to the State Hospital on December 13, 1965. On April 4, 1966 the Superintendent of the State Hospital reported, with the concurrence of the Chief of Services and the Staff Psychologist, that petitioner was feeble-minded and not mentally competent to stand trial or aid in his defense. Petitioner was never brought to trial. In early 1967 he filed a petition for a writ of habeas corpus in the Smyth County Circuit Court, Marion, Virginia. A hearing was held on petitioner's petition after which the court denied the petition and remanded petitioner to the State Hospital. On May 15, 1967, petitioner wrote a letter to the Supreme Court of Appeals of Virginia which was treated by that Court as a petition for a writ of habeas corpus. The petition was denied by the Supreme Court of Appeals and around May 1967, petitioner filed another habeas petition in the Smyth County Circuit Court. Another hearing was held and the court again denied petitioner's petition. On October 11, 1967 petitioner filed a habeas petition in this court. He is now properly before the court, having exhausted his state remedies, Miller v. Blalock, 356 F.2d 273 (4th Cir. 1966).

The question on this petition is whether the petitioner is being detained in the State Hospital in violation of his constitutional rights, having never had a lunacy hearing or an adjudication of insanity. On the basis of Miller v. Blalock, supra, we find that petitioner *is being held in violation* of his constitutional rights to proper notice and hearing. In *Miller* substan-

tially the same facts occurred. There petitioner was arrested and sent to Southwestern State Hospital pursuant to Section 19.1–228 of the Code of Virginia for a mental examination to determine his competency to plead and stand trial. The Superintendent of the State Hospital reported to the court that petitioner was insane and he remained in the State Hospital. No other action was taken by the State. Approximately five years later petitioner filed a petition for a writ of habeas corpus in Smyth County, Virginia attacking his detention partly on the ground that he had never had a lunacy hearing or an adjudication of insanity. His petition was denied in the lower court and on his petition for a writ of error the Supreme Court of Appeals affirmed the lower court's judgment. Petitioner filed a habeas petition in the United States District Court and on appeal from the denial of the writ the United States Court of Appeals said:

It is clear from the record that the petitioner has been confined for an indefinite period of time without the essential rights of notice and hearing, or opportunity to be heard before a competent tribunal. (citing cases) He has been confined without benefit of counsel or the use of expert testimony to test the validity of the report upon which his confinement was based. * *

* * * If we read * * * [section 19.1–228] in connection with section 19.1–230.1 [2] to hold that upon receiving a report from the superintendent of the institution that the petitioner is insane then it is incumbent upon the court to appoint a commission "who shall inquire into the facts as to the sanity or mentality of such person and report their findings to the court" as providing for notice

and hearing before the person is committed for an indefinite period as distinguished from a temporary commitment for observation then we think that the petitioner is held in violation of his constitutional rights to proper notice and hearing. 356 F.2d at 275–76.

■■■ Here petitioner was placed in the State Hospital on December 13, 1965. On April 4, 1966 the superintendent reported that petitioner was insane. As in *Miller* it appears that no further state action was taken and that petitioner was confined without benefit of counsel or expert testimony to challenge the Superintendent's report. There is no evidence in the record that the court held a hearing or appointed a commission to ascertain petitioner's mental condition and report to the court.[1] It was not until petitioner filed a habeas petition in January 1967 that he ever had an opportunity to appear in court and present the matter of sanity. However, the habeas corpus hearings where the question of petitioner's sanity was raised do not cure the defect. Petitioner is now being held "in violation of his constitutional rights to proper notice and hearing" and must be given relief. However, he is not entitled to his immediate release because of the danger he may present to the community and to himself. He must be held to allow the state to procure a legal commitment through proper proceedings. In accord with *Miller,* it is therefore ADJUDGED and ORDERED that the case be remanded to the state court with instructions to grant the petitioner the hearing to which he is entitled within sixty days from this date.

Certified copies of this opinion and judgment are directed to be sent to the petitioner and to the respondent.

1. At the time *Miller* was decided, section 19.1–230.1 provided that the court "may appoint a commission" to inquire into petitioner's mental condition and report to the court. In 1966 section 19.1–230.1 was amended to read "shall appoint a commission."